IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLIFTON GUILLORY,                    §
                                     §
                  Plaintiff,         §
                                     § Civil Action No. 3:11-CV-1477-D
VS.                                  §
                                     §
TRANSWOOD CARRIERS a/k/a             §
TRANSWOOD, INC.,                     §
                                     §
                  Defendant.         §

MEMORANDUM OPINION
AND ORDER

        In this action under 42 U.S.C. § 1983 and state law arising from plaintiff's arrest and

detention for credit card abuse, the dispositive question presented is whether a reasonable

jury could find that the company employee of whose conduct plaintiff complains acted under

company policy or custom.  Concluding that a reasonable jury could not make this finding,

the court grants summary judgment dismissing plaintiff's § 1983 claims with prejudice.  The

court declines to reach the merits of plaintiff's state-law claims until it determines whether

plaintiff desires to proceed in this court based on diversity jurisdiction, and it denies this part

of defendant's motion without prejudice.

I

        Plaintiff Clifton Guillory ("Guillory") was employed by defendant Transwood

Carriers, a/k/a Transwood, Inc. ("Transwood") as a driver for two weeks in 2008.[1]  His

_____

        [1]In recounting the factual background, the court summarizes the evidence in the light
most favorable to Guillory as the summary judgment nonmovant and draws all reasonable

supervisor was Bobby Williams ("Williams").  When Guillory began his employment, Transwood provided him a company ComDATA fuel card ("fuel card") so that he could buy fuel for company use.  Each driver was assigned a fuel card.  To operate the fuel card, the driver was required to enter his employee identification number.  Under company policy, when a driver left Transwood's employment, the company collected and canceled the fuel card.  Guillory's fuel card, however, was not canceled, and the parties dispute whether Guillory turned it in when his employment ended.

A few months after Guillory's employment concluded, Transwood discovered that someone had charged over $20,000 to Guillory's fuel card since his employment ceased. After multiple unsuccessful attempts to contact Guillory about these charges, Williams contacted the police at the request of his regional manager.  Williams then assisted the police with their investigation, and he conducted his own investigation.  In the summer of 2009, a magistrate issued an arrest warrant for Guillory, and he was arrested and taken into custody until he posted bail.  Eventually, he was indicted by a grand jury for credit card abuse, but the state district court dismissed the charge for lack of evidence sufficient for a felony conviction.

Guillory sues under 42 U.S.C. § 1983, alleging that Transwood deprived him of his constitutional rights, and for fraud and misrepresentation and negligence.  Transwood moves

---

inferences in his favor.  *See, e.g.*, *Owens v. Mercedes-Benz USA, L.L.C.*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

for summary judgment on multiple grounds.[2]

## II

Because Guillory will bear the burden of proof on his § 1983 claims at trial, Transwood can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Transwood does so, Guillory must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Guillory's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Guillory's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory as to a claim if he fails to meet this burden. *See Little*, 37 F.3d at 1076.

## III

The court first considers Guillory's § 1983 claims.[3]

_____

[2]Guillory filed on January 31, 2013 a motion for leave to file an amended appendix. He then filed on February 21, 2013 a motion to strike Transwood's response to his motion for leave. The court grants the January 31 motion and denies the February 21 motion as moot, but notes that the amended appendix does not alter today's decision on the merits.

[3]It is unclear from Guillory's complaint whether he alleges more than one claim under § 1983. The court will assume that he is asserting more than one claim (one for false imprisonment and one for a due process violation), although this does not materially affect the court's analysis.

Additionally, Guillory alleges at one point in his complaint that Transwood acted "in

A

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (internal quotation marks omitted). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Dall. Indep. Sch. Dist.*, 557 F.Supp.2d 755, 761 (N.D. Tex. 2008) (Fitzwater, C.J.) (quoting *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)), *aff'd*, 370 Fed. Appx. 455 (5th Cir. 2010).

Additionally, an employer "cannot be held liable solely because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978) (addressing municipal liability). Although *Monell* stated this rule in the context of municipal government liability, a substantial majority of lower courts—and each circuit to address the issue—have found that *Monell* is equally applicable to private entities that have been sued

_____

violation of § 1983." Compl. ¶ 13. Section 1983, however, cannot be "violated." "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates[,]" and an "underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (internal quotation marks omitted) (quoting *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)).

- 4 -

under § 1983. *See Olivas v. Corr. Corp. of Am.*, 215 Fed. Appx. 332, 333 (5th Cir. 2007) (per curiam); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("caselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants").[4] A private entity is therefore only liable for the actions of its employee if the plaintiff can prove three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694).

B

Transwood has pointed the court to the absence of evidence to support a reasonable finding that Guillory's constitutional rights were deprived (assuming they were deprived) by a policy or custom of Transwood that was the moving force of the violation.[5]

---

[4]*See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2002); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 729 (4th Cir. 1999); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992); *Rojas v. Alexander's Dep't Store*, 924 F.2d 406, 408-09 (2d Cir. 1990); *Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989).

[5]Although Transwood included this argument under the rubric of failure to act under color of law (which refers to a different requirement for a § 1983 claim), Transwood clearly asserts in its opening brief that Transwood cannot be held liable under § 1983 based on *respondeat superior*. *See* D. Br. 8. And it specifically asserts, for example:

> Here, Plaintiff has alleged no facts tending to show Defendant affirmatively participated in acts that caused a deprivation of his constitutional rights. Nor has Plaintiff alleged Defendant implemented unconstitutional policies that caused a deprivation of his constitutional rights. Therefore, summary judgment in favor of Defendant is proper.

Guillory has not produced sufficient evidence for a reasonable jury to find that Transwood had a policy or custom that deprived Guillory of his constitutional rights. In the context of a municipality, "[o]fficial policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations. But a policy may also be evidenced by custom, that is . . . 'persistent, widespread . . . [and] so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). Although determining what constitutes a policy or custom for a private entity as opposed to a municipal corporation may be fraught with difficult issues in some circumstances, because Guillory incorrectly argues that *respondeat superior* should apply, he fails not only to adduce evidence of a policy or custom that deprived him of his rights, but to articulate such a policy or custom. He instead only adduces evidence that Williams' boss (the regional manager) instructed him to report the incident to the police and to file charges against Guillory. There is nothing in the record, however, that would enable a reasonable jury to connect this instruction to a Transwood policy or custom. Accordingly, the court concludes that there is no genuine issue of fact on this element, and that Transwood is entitled to summary judgment dismissing Guillory's § 1983 claims.

Moreover, even if Guillory could establish that Transwood has a policy or custom—such as seeking criminal charges against those whom it believes have stolen from

---

D. Br. 8.

the company—he has not adduced any evidence that would enable a reasonable jury to find that the policy is either facially unconstitutional or "was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Id.* (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407 (1997).

Guillory's § 1983 claims are therefore dismissed with prejudice.

## IV

Because Guillory appears to invoke this court's subject matter jurisdiction based on a federal question (his § 1983 claims), *see* Compl. ¶ 3,[6] the court declines to reach Guillory's remaining state-law claims. *See Brookshire Bros. Holdings, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]"). The court will not dismiss these claims at this juncture, however, because the court may have diversity jurisdiction,[7] and Guillory may wish to invoke that jurisdiction. Accordingly, no later than 21 days from the date this memorandum opinion and order is filed, Guillory must advise the court in writing whether he desires to proceed with the remaining

---

[6]The court cannot make this determination definitively because the jurisdictional pleading is improper as phrased. Guillory alleges that "[t]he action arises under Title 42 U.S.C. 1981, 42 U.S.C. 1983, and state law causes of action of Fraud, Misrepresentation and Negligence." Compl. ¶ 3. This is not an allegation of how the court has federal question or diversity of citizenship subject matter jurisdiction.

[7]Guillory alleges that he is a Texas citizen. Compl. ¶ 1. He suggests that Transwood is a Nebraska citizen, although he does not plead the state in which it is incorporated and the state in which its principal place of business is located. *Id.* at ¶ 2.

claims in this court.   If he does, he must state in writing the state of Transwood's incorporation and the state of Transwood's principal place of business so that the court can determine whether there is diversity jurisdiction.   If he does not respond, or he responds that he does not desire to proceed in this court, the court will enter judgment dismissing his § 1983 claims with prejudice and dismissing his state-law claims without prejudice to refiling them in state court.[8]

\*   \*   \*

For the reasons explained, the court grants in part and denies in part without prejudice Transwood's motion for summary judgment.   The court dismisses Guillory's § 1983 claims with prejudice, and it declines to reach Guillory's state-law claims.   The court grants Guillory 21 days from the date this memorandum opinion and order is filed to advise the court in writing whether he desires to proceed with the remaining claims in this court based on diversity jurisdiction.

**SO ORDERED.**

April 24, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[8]The fact that Transwood might be able to remove a case refiled in state court does not alter the court's approach.   First, removal is optional, and Transwood might opt not to remove the case.   Second, if only state-law claims remain, Guillory may choose to sue not only Transwood but a Texas defendant, which would preclude removal.

- 8 -